# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 11, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KELLY CLARK, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1381V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Dismissal Decision; |
| AND HUMAN SERVICES, | * | Influenza ("Flu") ; Immune |
| | * | Thrombocytopenic Purpura ("ITP"). |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Jennifer L. Reynaud*, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On September 11, 2018, Kelly Clark ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 19, 2015, she developed immune thrombocytopenic purpura ("ITP") and associated complaints of abnormal bleeding, bruising, and fatigue, with residual effects for at least six months from the date of vaccination. Petition (ECF No. 1).

Petitioner filed medical records, an affidavit, and other supporting documentation followed by a statement of completion on November 13, 2018. On July 19, 2019, respondent filed a status report contending that petitioner did not suffer the residual effects or complications

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

of her alleged injury for at least six months, as required to be eligible for compensation under the Vaccine Act.  On August 9, 2019, petitioner filed a responsive status report accompanied by medical literature.  Pet. Status Report (ECF No. 19); *see also* Ex 9.  On August 12, 2019, I held a status conference during which the severity requirement and other issues were discussed.  Scheduling Order (ECF No. 20).  I directed petitioner to file additional evidence in support of fulfilling the severity requirement, followed by an expert report.  Thereafter, petitioner filed additional medical records.  She requested additional time to file a dispositive pleading instead of an expert report, which was granted.

On March 10, 2020, petitioner filed a motion for a decision dismissing her petition.  Petitioner's Motion ("Pet. Mot.") (ECF No. 34).  Petitioner avers that she consulted with an expert and has concluded that she is unable to satisfy her burden of proof on causation.  *Id.* at ¶ 4.  Although petitioner feels very strongly about what has happened to her and its connection to vaccination, and has testified as to the facts under oath, petitioner feels at this juncture that she will likely be unable to establish that she is entitled to compensation in the Vaccine Program.  *Id.*  Under these circumstances, petitioner feels that to proceed further would be unreasonable and would waste the resources of the Court and the Vaccine Program.  *Id.*  Petitioner understands that a decision by the special master dismissing their petition will result in a judgment against her and that such a judgment will end all of her rights in the Vaccine Program.  *Id.* at ¶ 5.  Petitioner intends to protect her rights to file a civil action in the future.  *Id.*  Therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action at the appropriate time.

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that petitioner suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that petitioner suffered an injury that was caused-in-fact by a covered vaccine.  §§ 13(a)(1)(A); 11(c)(1).  Additionally, petitioner must show that she experienced the residual effects of her alleged injury for more than six months, or that her injury required a hospitalization involving surgical intervention, or resulted in death.  § 11(c)(1)(D).  Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on petitioner's claims alone.  Rather, petitioner must support the claim with either medical records or the opinion of a competent medical expert.  § 13(a)(1).  In this case, there is not persuasive evidence that petitioner suffered a "Table injury", therefore, petitioner is limited to alleging an off-Table injury for which she has the burden of establishing causation-in-fact.  There is also some question as to whether the severity requirement is fulfilled.  Upon review, the medical records and the limited medical literature submitted are insufficient to establish entitlement.  Petitioner has consulted with an expert, but has not been able to submit an expert opinion in support of vaccine causation-in-fact.

**Thus, petitioner's motion is GRANTED.  This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.[3]**

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
